JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 23-1705-MWF (ADSx)      **Date:** July 10, 2023
**Title:** Yvonne Hernandez et al v. The Elevance Health Companies, Inc. et al

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**     ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [18]; AND DENYING DEFENDANT'S MOTION TO DISMISS AND STRIKE PORTIONS OF COMPLAINT [14];

Before the Court are two motions:

First, there is Plaintiff's Motion to Remand Case to Ventura County Superior Court (the "MTR"), filed on April 4, 2023. (Docket No. 18). On April 17, 2023, Soloki filed an Opposition. (Docket No. 19). On April 24, 2023, Hernandez filed a Reply. (Docket No. 20).

Second, there is Defendant Leslie Soloki's Motion to Dismiss and Strike Portions of Plaintiff's Complaint (the "MTD"). (Docket No. 14). On April 4, 2023, Plaintiff Yvonne Hernandez filed an Opposition. (Docket No. 17). On April 24, 2023, Soloki filed a Reply. (Docket No. 21).

The Court read and considered the papers submitted on the Motions and held a hearing on May 8, 2023.

The Motions are ruled upon as follows:

- The Motion to Remand is **GRANTED**. The Court concludes that Soloki is not a "sham defendant" and her presence must be considered for determining diversity. Because Soloki's presence eliminates complete

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No. CV 23-1705-MWF (ADSx)      Date: July 10, 2023
Title: Yvonne Hernandez et al v. The Elevance Health Companies, Inc. et al

diversity among the parties, the Court lacks subject-matter jurisdiction over the action.

- Because the Court lacks jurisdiction over the action, the Motion to Dismiss is **DENIED** *as moot*.

I.     **BACKGROUND**

On January 11, 2023, Hernandez commenced this action against Defendants The Elevance Health Companies, Inc. ("Elevance") and Leslie Soloki, in the Ventura County Superior Court. (*See* Notice of Removal at 2, Ex. 3 ("Complaint") (Docket No. 1-1)).

The Complaint includes the following allegations:

Hernandez is a resident of Ventura County, California. (Complaint ¶ 1). Defendant Elevance is a corporation organized under the laws of, and with its principal place of business in, Indiana. (*Id.* ¶ 2). On information and belief, Defendant Soloki is a resident of Ventura County. (*Id.* ¶ 3).

Hernandez worked for Elevance as a services specialist for about 25 years (from December 1997 until her termination in August 2022). (*Id.* ¶ 8). In 2019, Hernandez's daughter suffered a major stroke soon after giving birth. (*Id.* ¶ 11). Hernandez lives in the same house as her daughter and granddaughter. (*Id.*) Consequently, Hernandez needed time off to care for her daughter. (*Id.* ¶¶ 13-16). Soloki, Hernandez's direct supervisor at Elevance, almost always "negatively responded" to Hernandez's requests for time off and did not express any compassion for the situations with her daughter. (*Id.*). Hernandez alleges that when she returned from leave, Elevance granted her intermittent leave, which she contends allowed her to take time off to care for her daughter without giving advance notice to her manager (though Soloki disputes this interpretation of the leave policy, attaching the policy to her Opposition). (*See id.* ¶ 16; *see also* Opp. to MTR, Ex. A (Leave Policy) at 7).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 23-1705-MWF (ADSx)          **Date:** July 10, 2023
**Title:** Yvonne Hernandez et al v. The Elevance Health Companies, Inc. et al

In 2021, Soloki allegedly retaliated against Hernandez for taking approved time off by giving her a negative performance review. (*Id*. ¶ 20). Hernandez complained to human resources about Soloki marking her down for taking approved time off to care for her daughter. (*Id.* ¶ 21). The human resources department overruled Soloki's markdown in the time-management category. (*Id*.). Soloki then took her own leave of absence, inferring in a phone call with Hernandez that she was doing so because she had been reprimanded for marking Hernandez down on her performance review. (*Id.* ¶ 22).

Hernandez alleges that, when Soloki returned from her leave, Soloki began a "campaign of retaliation and harassment" against Hernandez. (*Id*. ¶ 23). Hernandez contends, that "[i]n nearly every interaction with Hernandez, Soloki was verbally abusive and hypercritical" and she eventually put Hernandez on a "performance improvement plan." (*Id*.). Additionally, Soloki allegedly repeatedly made comments indicating her view that Hernandez sought to take time off because she did not like her job. (*Id*. ¶ 27) (after denying a request for medical time off, noting that Soloki stated "[i]f you don't like it here, you can just leave"); (*see also* ¶ 30) (noting that Soloki stated during Hernandez's termination meeting, "[w]e can see you don't want to work here"). Other allegations against Soloki include, that Soloki "reacted with annoyance when [Hernandez] requested time off to care for her daughter," "criticized [Hernandez] for taking approved time off to care for her daughter," "disciplined [Hernandez] for errors made by others," and "us[ed] a raise[d] voice, in meetings," as part of her "verbal abuse." (*Id*. ¶ 70). Hernandez complained to Elevance about Soloki's harassment, but her complaints did not result in any change or improvement in the working environment. (*Id*. ¶ 24). Eventually, Hernandez was fired for the alleged "pretextual reason" that she had been tardy on fifty to sixty occasions. (*Id.* ¶ 30).

Based on the above allegations, Hernandez brings four claims for violations of the California Fair Employment and Housing Act ("FEHA") as follows: (1) disability discrimination; (2) retaliation; (3) failure to prevent discrimination; and (4) harassment. She also alleges six non-FEHA, state-law claims as follows: (5) wrongful termination in violation of public policy; (6) failure to permit inspection of employment records under Labor Code section 1198.5; (7) failure to permit inspection of employment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 23-1705-MWF (ADSx)   **Date:** July 10, 2023

Title: Yvonne Hernandez et al v. The Elevance Health Companies, Inc. et al

records under Labor Code section 226; (8) unfair competition; (9) waiting time penalties; and (10) defamation. While each of the claims is brought against Elevance, only the claims for harassment and defamation are brought against Defendant Soloki.

On March 7, 2023 (30 days after service on Soloki on February 7, 2023), Soloki removed this action to the Central District of California, invoking the Court's diversity jurisdiction and asserting that Soloki was fraudulently joined. (*See generally* Notice of Removal (Docket No. 1)).

## II. LEGAL STANDARD FOR MOTION TO REMAND

A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. § 1332(a). However, "[i]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)). Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

"Although an action may be removed to federal court only where there is complete diversity of citizenship, *see* 28 U.S.C. §§ 1332(a), 1441(b), "one exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined." *Hunter*, 582 F.3d at 1043 (citation and internal quotation marks omitted). "[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). That is, a fraudulently joined "sham" defendant's presence in the lawsuit is "not relevant for purposes of [determining] diversity jurisdiction." *United Comput. Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 761–62 (9th Cir. 2002).

"Fraudulent joinder is a term of art." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "In the Ninth Circuit, a non-diverse defendant is deemed a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 23-1705-MWF (ADSx)          **Date:** July 10, 2023
**Title:** Yvonne Hernandez et al v. The Elevance Health Companies, Inc. et al

[fraudulently joined] sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169–70 (E.D. Cal. 2011) (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)). Only "if there is [no] possibility that a state court would find that the complaint states a cause of action against any of the resident defendants," *Hunter*, 582 F.3d at 1046 (citation omitted), and "the failure is obvious according to the settled rules of the state," *McCabe*, 811 F.2d at 1339, may a district court retain jurisdiction. "In other words, the case must be remanded 'unless the defendant shows that the plaintiff would not be afforded leave to amend his [or her] complaint to cure the purported deficiency.'" *Wilson-Condon v. Allstate Indem. Co.*, No. 11-cv-05538-GAF (PJWx), 2011 WL 3439272, at *2 (C.D. Cal. Aug. 4, 2011) (quoting *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)).

"[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018). "Because the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction, the standard is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." *Id.*

The Court's assessment of "disputed questions of fact" may look to the factual record beyond the pleadings. *Ritchey*, 139 F.3d at 1318; *McCabe*, 811 F.2d at 1339 ("The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent."). Moreover, the "party invoking federal court jurisdiction on the basis of fraudulent joinder bears a 'heavy burden'" due to the "general presumption against fraudulent joinder." *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (citing *Hunter*, 582 F.3d at 1046). In conducting this analysis, "[t]he Court will not entertain what amounts to a motion for summary judgment guised as a question of removability." *Flores v. ABM Industry Groups, LLC*, Case No. 18-1483-JLS (KESx), 2018 WL 6428026, at *3 (C.D. Cal. Dec. 7, 2018). Rather, the plaintiff need only show that there are some facts—even if

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

| | |
|---|---|
| **Case No.** CV 23-1705-MWF (ADSx) | **Date:** July 10, 2023 |
| **Title:** Yvonne Hernandez et al v. The Elevance Health Companies, Inc. et al | |

disputed—that support a conceivable legal theory of liability against the non-diverse defendant. *Id.* Defendant's burden is one of "clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (internal quotation marks omitted).

### III. <u>DISCUSSION</u>

The parties filed competing motions regarding the claims asserted against Defendant Soloki. In the MTD, Soloki argues that the Court should dismiss the claims of harassment and defamation against her because the Complaint fails to allege sufficient facts. (MTD at 4–9). On the other hand, Hernandez argues in the MTR that she has sufficiently alleged at least the claim of harassment, and even if insufficiently pled, Soloki has failed to meet her burden to show that there is "absolutely no possibility" that Hernandez can establish either claim against her. (MTR at 7-9).

The Court first considers the MTR because it concerns the Court's jurisdiction over this action.

#### A. <u>Motion to Remand</u>

The parties do not dispute that the amount in controversy has been met, that Soloki is domiciled in California (and therefore non-diverse to Hernandez), or that the removal was timely. Therefore, the only issue is whether Soloki's domicile should be considered in assessing whether there is complete diversity between Hernandez and Defendants.

The Court focuses only on Hernandez's FEHA harassment claim against Soloki as consideration of that claim alone is sufficient to destroy diversity.

Hernandez alleges that Soloki harassed her due to her disability in violation of California Government Code section 12940 *et seq.* ("FEHA"). To establish a prima facie claim for harassment under FEHA, Hernandez must allege: (1) she is a member of a protected group; (2) she was subjected to harassment because she belonged to this group; and (3) the alleged harassment was so severe or pervasive that it created a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 23-1705-MWF (ADSx)          **Date:** July 10, 2023
**Title:** Yvonne Hernandez et al v. The Elevance Health Companies, Inc. et al

hostile work environment. *Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 909–10 (E.D. Cal. 2017).

     Here, Hernandez alleges that she is a member of a protected group under FEHA due to her association with and care for a person with disabilities — her adult daughter who suffered a major stroke. (Complaint ¶¶ 13-14, 41) (noting that under the Government Code it is unlawful to discriminate against a person due to a "perception that the person is associated with a person who has or is perceived to have . . . a medical condition"). Hernandez further alleges that she was subject to harassment by her direct supervisor, Defendant Soloki because she belonged to this group. (*See id.* ¶¶ 68-78).

     Soloki argues that the harassment claim fails as a matter of law for the following two reasons: (1) the alleged conduct does not meet the definition of "harassment" under FEHA and (2) even if some of the conduct is actionable harassment, the alleged conduct was not severe or pervasive enough to create a hostile work environment.

     As for her first argument, Soloki contends that none of the conduct alleged in the Complaint amounts to "harassment" because California courts define harassment as conduct "outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Reno v. Baird*, 18 Cal. 4th 640, 645–46, 76 Cal. Rptr. 2d 499 (1998). Soloki argues that all of the conduct alleged in the Complaint concerns "quintessential management actions," and therefore, is within the scope of necessary employment conduct as part of her supervisory role. (Opp. to MTR at 9-10).

     Under FEHA, separate provisions govern harassment and discrimination. "FEHA's discrimination provision addresses only *explicit* changes in the "terms, conditions, or privileges of employment" (§ 12940, subd. (a)); that is, changes involving *some official action taken by the employer.* *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 706, 101 Cal. Rptr. 3d 773 (2009), *as modified* (Feb. 10, 2010) (emphasis in original). "By contrast, harassment often does not involve any official exercise of delegated power on behalf of the employer." *Id*. "[H]arassment focuses on situations in which the *social environment* of the workplace becomes intolerable because the

---

**CIVIL MINUTES—GENERAL**                                      7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 23-1705-MWF (ADSx)           **Date:** July 10, 2023
**Title:** Yvonne Hernandez et al v. The Elevance Health Companies, Inc. et al

harassment (whether verbal, physical, or visual) communicates an offensive message to the harassed employee." *Id.* (emphasis in original). Despite this distinction, "official employment actions [can] constitute[] the ***evidentiary basis*** of [a] harassment cause of action, [where a] supervisor used [] official actions as his means of conveying [an] offensive message[.]" *Id.* at 708. In other words, "official employment actions done in furtherance of a supervisor's managerial role can also have a secondary effect of communicating a hostile message." *Id.* at 709.

Here, among other allegations, Hernandez alleges that during the meeting in which she was fired, Soloki stated "we see you don't want to work here," allegedly alluding to the many medical days Hernandez took off of to care for her daughter, despite the fact that the official reason she was fired was due to tardiness (not absences). (Complaint ¶ 30). Though the act of terminating Hernandez is an official action taken by the employer, comments made during Hernandez's firing meeting that do not directly relate to the official reason for which Hernandez was fired, could have a "secondary effect of communicating a hostile message." *See Roby*, 47 Cal. 4th at 709. And, of course, if true, the allegation that Soloki was "verbally abusive[,]" cannot be characterized as official action that is a necessary aspect of Soloki's supervisory role. *See, e.g.*, *Amper v. Ashley Furniture Indus., Inc.*, No. CV 15-8274-JFW (JPRx), 2015 WL 8783538, at *3 (C.D. Cal. Dec. 15, 2015) ("[W]hile some of Daswatta's alleged conduct arguably may constitute typical personnel management actions, others, such as 'intimidating [the plaintiff] by yelling and berating her' . . .do not.") (internal citations mitted).

At the hearing, Soloki's counsel argued that Soloki's alleged comment regarding Plaintiff's lack of desire to work should be construed as part of the personnel decision to fire Plaintiff. However, viewing the allegations in light most favorable to Plaintiff, one could interpret the alleged comment as suggesting that Plaintiff was being fired for her (medical-related) absences rather than the stated reason, which only concerned her tardiness.

Citing three district court cases, Soloki suggests that courts "repeatedly den[y] motions for remand" where the conduct alleged in the state court complaint concerns solely personnel management decisions. (Opposition at 10) (citing *Tipton v. Airport*

| | |
|---|---|
| **CIVIL MINUTES—GENERAL** | 8 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 23-1705-MWF (ADSx)         **Date:** July 10, 2023
Title: Yvonne Hernandez et al v. The Elevance Health Companies, Inc. et al

*Terminal Services, Inc.*, No CV 18-09503-AB (JEMx), 2019 WL 185687, at *5-7 (C.D. Cal. Jan. 14, 2019); *Feast-Williams v. Merrill Lynch*, No. CV 18-06451-SJO (SSx), 2018 WL 9517023, at *9 (C.D. Cal. September 25, 2018); *Anastacia Ramirez v. Little Caesars Enterprises, Inc.*, No: 2:18-cv-07993-AB (JPRx), 2018 WL 5816107, at *6 (C.D. Cal. November 2, 2018)).  The Court concludes that the cases Soloki cites are distinguishable, on the one hand, and out of step with the weight of authority, on the other hand.

In *Tipton*, the complaint contained a "single allegation" against the individual defendant leading the Court to "strongly suspect[]" that the individual, non-diverse defendant was sued "for the sole purpose of defeating diversity [jurisdiction]."  *See*, 2019 WL 185687, at *6-*7.  Here, Soloki, Hernandez's direct supervisor, is the focal point of the entire Complaint and Soloki herself identifies at least nine prominent allegations against her in the Opposition. (*See generally*, Complaint ¶¶ 12-35; *see also* Opp. to MTR at 9-10).  Indeed, it is quite likely that if the claims against Soloki are insufficient, the claims against Hernandez's employer might not fare any better, which strongly suggests that Soloki is ***not*** a sham defendant added solely for the purpose of defeating jurisdiction.

As for *Feast*, the Court questions whether retention of the action was appropriate in that case, given the district court, in denying the motion to remand, gave the plaintiff an opportunity to amend the state law claims against the non-diverse defendant, which itself demonstrates that there was a ***possibility*** that the plaintiff could state a claim against the non-diverse defendant.  *See* 2018 WL 9517023, at *1 ("[The] Plaintiff moved to remand on August 24, 2018, and the Court denied the motion with leave to amend on October 10, 2018.").  And in *Ramirez*, the complaint (as described by the district court's order), did not appear to include a single allegation concerning conduct that could possibly be construed as outside the scope of necessary personnel decisions, whereas here, at the very least, the allegation of verbal abuse (even if conclusory) does not concern a personnel decision.  *See* 2018 WL 5816107, at *6 (concluding that the complaint concerned only "necessary personnel management actions" where the allegations involved responses to and investigations of employees complaints,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 23-1705-MWF (ADSx)        **Date:** July 10, 2023
**Title:** Yvonne Hernandez et al v. The Elevance Health Companies, Inc. et al

declining accommodations for disabilities, and making decisions on whether to terminate an employee's employment).

On the other hand, the vast majority of courts in this district considering complaints that include FEHA harassment claims against non-diverse individual defendant supervisors (even when based in part on those supervisors' management decisions) have routinely determined remand is required because the plaintiff could possibly state a harassment claim against such defendants. *See*, *e.g.*, *Lomen v. Schmalzried*, No. CV 22-3302-GW (JCx), 2022 WL 3647795, at *4 (C.D. Cal. Aug. 24, 2022); *Lowe v. Michaels Stores, Inc.*, No. CV 22-00026-SVW (RAOx), 2022 WL 558249, at *1 (C.D. Cal. Feb. 24, 2022); *Walker v. CBS Broad. Inc.*, No. CV 20-10370-JFW (JPRx), 2020 WL 7631455, at *3 (C.D. Cal. Dec. 22, 2020); *Gallegos v. Shamrock Foods Co.*, No. CV 19-01045-ODW (KKx), 2019 WL 5902104, at *3 (C.D. Cal. Nov. 12, 2019); *Revay v. Home Depot U.S.A., Inc.*, No. CV 14-03391-RSWL (ASx), 2015 WL 1285287, at *3 (C.D. Cal. Mar. 19, 2015); *Rico v. Jones Lang LaSalle Americas, Inc.*, No. CV 14-1322-GHK (JEMx), 2014 WL 1512190, at *3 (C.D. Cal. Apr. 16, 2014); *Amper,* 2015 WL 8783538, at *3; *Ontiveros v. Michaels Stores, Inc.*, No. CV 12-09437-MMM (FMOx), 2013 WL 815975, at *7 (C.D. Cal. Mar. 5, 2013); *Lizari v. CVS Pharmacy Inc.*, Case No. 10-10066-SVW (AGRx), 2011 WL 223806, at *3 (C.D. Cal. Jan. 20, 2011); *Suarez v. Am. Airlines, Inc.*, No. CV 09-03392-CAS (AJWx), 2009 WL 1657444, at *4 (C.D. Cal. June 10, 2009).

Soloki's second argument is that even if some of her alleged conduct is outside the scope of necessary management action, Hernandez fails to plead sufficient facts to constitute "severe or pervasive" conduct as required to state a claim for harassment. (Opp. to MTR at 6). Soloki contends that Hernandez's "vague allegations" that Soloki engaged in a "campaign" of harassment and that Soloki was "verbally abusive and hypercritical" in "nearly every interaction" with Hernandez are conclusory and contradicted by three emails attached to the Opposition to the MTR. (Opp. to MTR 4, 13-14; *see also* Complaint ¶ 23). For instance, in one email exchange, Hernandez requested to work later hours in order to attend a dentist appointment in the morning on a workday, to which Soloki responded, "Yes, that would be fine." (Opp. to MTR, Ex. C (email exchange) at 18-19). Hernandez wrote back "Thank you 😊." (*Id*. at 18).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 23-1705-MWF (ADSx)          **Date:** July 10, 2023
**Title:** Yvonne Hernandez et al v. The Elevance Health Companies, Inc. et al

Soloki contends that Hernandez's "thankful response and inclusion of a smiley face emoji just weeks prior to the termination of her employment undercuts her allegations of harassment against Soloki." (*Id.*).

       As an initial matter, the Court notes that the harassment question concerns how ***Soloki treated Hernandez***, not how Hernandez reacted to Soloki's communications. For a myriad of reasons, it is entirely plausible that a subordinate would continue to try to be cordial (and even friendly) to a supervisor despite enduring harassment by that supervisor. But even if relevant on the issue of harassment, at most, the Court contends that the emails create a dispute of fact. The emails do not demonstrate by "clear and convincing evidence" that there is no possibility that Hernandez can state a claim of harassment based on conduct that was severe and pervasive. *See Hamilton*, 494 F.3d at 1206 (noting a defendant has the burden to prove fraudulent joinder by "clear and convincing evidence"); *see also Lomen*, 2022 WL 3647795, at *4 (noting that although a district court may review evidence on a motion to remand it is inappropriate "to resolve a potentially-disputable factual question, pre-discovery, in order to conclusively determine that a plaintiff cannot make out a claim against a particular defendant"); *see also Grancare*, 889 F.3d at 551 ("[A] denial, even a sworn denial, of allegations does not prove their falsity….").

       Soloki may (or may not) ultimately prevail on demurrer or on summary judgment based on the arguments advanced in both the MTR and MTD. But, for purposes of this analysis, the weaknesses (if any) in the allegations do not suffice to support removal on the basis of fraudulent joinder. Even if the Complaint does not currently allege sufficient facts to plead a viable harassment claim against Soloki, Soloki has failed to show that Hernandez will be unable to amend her Complaint to add additional allegations of harassment. *See Suarez*, 2009 WL 1657444, at *4 ("[The defendant] may or may not be correct that [the plaintiff's] current allegations are insufficient to state a claim for harassment under FEHA against [the allegedly sham defendant]; however, [the defendant] has not shown that there is 'absolutely no possibility' that [the plaintiff] can establish a cause of action against [the individual defendant] in state court.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.  CV 23-1705-MWF (ADSx)**          **Date:  July 10, 2023**
Title:  Yvonne Hernandez et al v. The Elevance Health Companies, Inc. et al

     Indeed, many of the cases Soloki relies on to argue that the allegations are insufficient concern orders granting motions to dismiss *with leave to amend*.  (*See* Opp. to MTR at 7) (citing *Allford v. Barton*, No. CV 14-00024-AWI, 2015 WL 2455138, at *20 (E.D. Cal. May 22, 2015) ("Accordingly, the Court finds that [the plaintiff's] fifth cause of action against defendant Gordon for violation of Section 12940(j) is dismissed *with leave to amend*.") (emphasis added); *Terry v. Reg. Tapes Unlimited, Inc*., No. 16-00806-WBS-AC, 2016 WL 4192438, at *3 (E.D. Cal. Aug. 8, 2016) ("[The] motion to dismiss Terry's harassment and hostile work environment claim be, and the same hereby is, GRANTED.  [The p]laintiffs have twenty days from the date this Order is signed *to file a Second Amended Complaint*[.]") (emphasis added).  This fact directly undercuts Soloki's argument because "[r]emand must be granted unless the defendant proves that the plaintiff cannot be afforded leave to amend the complaint to cure the purported deficiency[.]"  *Lowe*, 2022 WL 558249, at *1.

     Soloki contends that she has demonstrated that leave to amend will not cure any deficiencies in the Complaint because in meet and confers, Soloki's counsel has asked Hernandez's counsel to identify additional factual allegations that support the claims against Soloki, and Hernandez's counsel has "thrice declined" to offer any such allegations.  (Opp. to MTR at 17).  Soloki does not point to any authority to suggest that a plaintiff's refusal to respond to a defendant's unilateral demands for additional factual allegations — before a court has ever ruled on the sufficiency of a current complaint — demonstrates that leave to amend would be futile.  Hernandez is not obligated to cede to Soloki's demand and essentially admit that the current allegations in the Complaint are insufficient.  As Hernandez argues, it is *Soloki's burden* to prove that Hernandez's claims are not viable.  (Reply at 5).  The filing of the Complaint in its current form clearly demonstrates that Hernandez (and her counsel) believe the current allegations on their own *are sufficient*.  *If* a court determines that more is needed, *then* Hernandez will have to add specificity or additional factual allegations, but until then Hernandez should not be forced to play her hand to allow Soloki the chance to preempt any attempt at amendment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 23-1705-MWF (ADSx)                **Date:** July 10, 2023
**Title:** Yvonne Hernandez et al v. The Elevance Health Companies, Inc. et al

At the hearing, Soloki's counsel stressed that the current Complaint is already detailed and implied that the Complaint fails because the details themselves do not give rise to a claim. However, as noted, to the extent Plaintiff can add details regarding the allegedly constant verbal abuse, such details could further support a viable harassment claim. The Court is not convinced that there is no possibility that the state court would deny Plaintiff leave to amend.

Finally, Soloki suggests that the Court should not reward Hernandez's "tactics" of naming a non-diverse defendant simply to secure state jurisdiction. (Opp. to MTR at 17). While there will certainly be circumstances where it is clear from the state court complaint or the record that a non-diverse defendant has been sued solely as a means of obtaining a state forum, the Court cannot conclude that such is the case here given Soloki's personal conduct is the ***central issue*** raised in the Complaint. Soloki is not some third-party with little-to-no relation to the issues involved in this dispute and the Court cannot conclude that the Complaint "obvious[ly]" fails to state a claim. *See Grancare*, 889 F.3d at 549 (noting that the standard for finding fraudulent joinder is similar to a "wholly insubstantial and frivolous" standard).

Indeed, in light of the non-frivolous nature of Hernandez's claims against Soloki, the Court is equally wary of Soloki's removal as it is of Hernandez's joinder of Soloki. Removals claiming "fraudulent joinder" increasingly appear to be attempts to obtain "summary judgment" at an early stage of litigation by framing the issue "as a question of removability." *See Flores*, 2018 WL 6428026, at *3; *Lomen*, 2022 WL 3647795, at *4 (noting that reviewing evidence to determine a claims viability on a motion to remand "is an appropriate exercise only in certain limited circumstances" because "otherwise non-diverse defendants in state court" will "be encouraged to remove cases to federal court before a plaintiff has any chance for discovery, present a one-sided factual submission to that federal court, and hope that the federal court will effectively decide the question of their liability on the merits before the plaintiff has any real chance to get his, her or its case off of the ground"). "Parties may not expand federal jurisdiction beyond its statutory boundaries by using fraudulent joinder-based removal as a replacement for a state court demurrer." *Andrews v. Essilor Lab'ys of*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 23-1705-MWF (ADSx)          **Date:** July 10, 2023

**Title:** Yvonne Hernandez et al v. The Elevance Health Companies, Inc. et al

*Am., Inc.*, No. CV 20-6332-JFW (Ex), 2020 WL 5229698, at *3 (C.D. Cal. Sept. 2, 2020).

    At the hearing, Soloki's counsel suggested that if the standard set forth herein is strictly adhered to, it will thwart all defendants' ability to rely on the fraudulent joinder doctrine. However, the standards are intentionally designed to preclude use of the fraudulent joinder doctrine where the premise of the argument is that the complaint is insufficiently pled (as is the case here). On the other hand, the doctrine remains available where the premise of the argument is that the claims against the non-diverse defendant fail as ***a matter of law***. Given the Court reads the standard as specifically precluding use of the doctrine where leave to amend could be granted by the Superior Court, the Court is not concerned that the result reached by the Court in this Motion will impede proper use of the doctrine.

    Because the Court cannot say that Hernandez "could not possibly recover" on her claim for harassment against Soloki, the Court concludes that Soloki is not a "sham defendant" and her California domicile must be considered in determining whether the parties are completely diverse. *See Nasrawi*, 776 F. Supp. 2d at 1169–70 (citation omitted).

    Accordingly, because Soloki's presence destroys complete diversity, this Court lacks subject-matter jurisdiction over this action. Therefore, the MTR is **GRANTED**.

    **B.**     **Motion to Dismiss**

    Because the Court determines it does not have jurisdiction over this action, the Motion to Dismiss is **DENIED** *as moot*.

**IV.**     **CONCLUSION**

    The Motion to Remand is **GRANTED**. The Motion to Dismiss is **DENIED** *as moot*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 23-1705-MWF (ADSx)          **Date:** July 10, 2023
**Title:** Yvonne Hernandez et al v. The Elevance Health Companies, Inc. et al

Because this Court lacks jurisdiction, nothing in this Order should be taken as a ruling or comment on the merits of the action, or whether a demurrer should be sustained or overruled in Superior Court.

The Court orders the Clerk to **REMAND** this action to the Superior Court of the State of California for the County of Ventura.

IT IS SO ORDERED.